Dear Mr. Carroll:
You advise this office that you are an elected member of the council governing the City of Kenner. You ask this office to advise if you may serve as elected councilman and at the same time (1) be employed by the Jefferson Parish Community Action Program, or (2) be employed as a staff member of the U.S. Louisiana 2nd Congressional District.
I. Employment by the Jefferson Parish Community Action Program.
We first point out that community action programs and community development programs generally function in whole or in part with federal funds under federal guidelines even though they are otherwise administered and controlled by an agency of local government. See La. Atty. Gen. Op. 90-185. This office has previously determined that a person employed in this type of agency would be considered as any other employee of the parish. Id. Further, by telephone conversation with this office, you confirmed that this position is in fact a position of employment with Jefferson Parish. Relevant here are the provisions of La.R.S. 42:63(D) of the Louisiana Dual
Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., which provide, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office . . . [Emphasis added.] *Page 2 
While La.R.S. 42:63(D) prohibits a person from holding employment in the same political subdivision in which he holds elective office, La.R.S. 42:63(D) does not prohibit a local elected official from at the same time holding employment and elective office in separate political subdivisions. Under the definition of "political subdivision" in La.R.S.42:62(9), a municipality and a parish are separate political subdivisions. Thus, it is the opinion of this office that La.R.S. 42:63(D) does not prohibit you from serving as elected councilman for the City of Kenner and at the same time holding employment with Jefferson Parish.
We are mindful that the City of Kenner operates under the provisions of a home rule charter. State law provides that the home rule charter provisions concerning dual officeholding and dual employment are controlling in the event of a conflict with state law regulating dual employment. Home rule charter provisions which prohibit one from holding two public offices and/or employments control over state law which would not prohibit one from holding both positions. In the alternative, home rule charter provisions which permit one to hold two particular positions control over state law to the contrary. See La.R.S. 42:66(D).[1]
An examination of the City of Kenner home rule charter provisions reflect that the provisions governing dual officeholding have no relevance here, as Section 9.04 provides "no elected official provided for in this Chapter may hold any other elected public office, nor may he hold another compensated position with the City." The charter provisions do not address a council member's employment with another political subdivision.
II. Employment by the U.S. Louisiana 2nd Congressional District.
We also point out that while La.R.S. 42:63(A)(1) generally prohibits one from holding elective office while holding employment in the federal government, council members are exempt from this limitation. La.R.S.42:63(A)(3)(a) provides that "a person holding employment in the government of the United States at the same time holding part-time elective office shall not be in violation of this Subsection . . ." La.R.S. 42:63(A)(3)(b) further states "for purposes of this Paragraph, `part-time elective office' shall mean an elective office the holder of which is deemed to be a part-time public servant pursuant to Article X, Section 29.1(A) of the Constitution of Louisiana." Article X, Section 29.1(A)(2) defines "part-time public servant" to include a member of a city council. *Page 3 
It is the opinion of this office that neither the state dual officeholding provisions, nor the provisions of the City of Kenner home rule charter, prohibit you from serving as council member while at the same time holding federal employment. However, be advised that should you intend to campaign again for the city council, federal government employees are subject to the provisions of the Hatch Act,5 U.S.C. § 1501-1508, concerning certain political activities. Under5 U.S.C. § 7323(a)(3), the Hatch Act states that ". . . [a federal] employee may not . . . run for the nomination or as a candidate for election to a partisan political office." The Hatch Act further provides for the removal or suspension from public employment of any employee who is a candidate in a partisan election. See 5 U.S.C. § 7326.[2]
While the Act prohibits a covered employee from running for public office in a partisan election, the Act does not prohibit a covered employee from holding public office. "Recall what the statute forbids-candidacy in a partisan election. There is no bar in holding an office. It is candidacy which triggers the Act." See Special Counsel v.Carter, 45 M.S.P.R. 447 (1990), at page 453.
A federal employee who intends to be a candidate for elective office must first resolve any doubt regarding the application of the Hatch Act by requesting an advisory opinion from the Office of Special Counsel.[3]
In the event you intend to run again for council member, and you intend to retain your federal employment, it is suggested that you seek the advisory ruling of the U.S. Office of Special Counsel prior to campaigning for office, at the following address: The Hatch Act Unit, U.S. Office of Special Counsel, 1730 M Street, N.W., Suite 218, Washington, DC 20036-4505, Telephone: (800) 85-HATCH or (800) 854-2824, (202) 254-3650.
Further, note that our expressed opinion relative to state law is limited to an examination of the dual officeholding provisions. Any potential ethical questions concerning this matter arising under the Code of Governmental Ethics, La.R.S. 42:1111, et seq., are addressed by advisory ruling of the Louisiana State Board of Ethics. The Board may be contacted at P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:66(D) states:
D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
[2] 5 U.S.C. § 7326 provides for the following penalties:
An employee or individual who violates Section 7323 or 7324 of this title shall be removed from his position, and funds appropriated for the position from which removed thereafter may not be used to pay the employee or individual. However, if the Merit System Protection Board finds by unanimous vote that the violation does warrant removal, a penalty of not less than 30 days suspension without pay shall be imposed by direction of the Board.
[3] The Office of Special Counsel is authorized by federal statute to issue advisory opinions concerning the application of the Hatch Act. See 5 U.S.C.A. § 1212(f).